THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
CIVIL DIVISION

DANZEL L. STEARNS,
on behalf of himself and all similarly situated persons,

Plaintiffs?

v.                                    Case No. 18CV-19- *142*

INMATE SERVICES CORPORATION,
RANDY L. CAGLE JR.,
CHRISTOPHER L. WEISS,
RYAN B. MOORE, and DOE 1 to 100,

Defendants

## CLASS ACTION COMPLAINT;
## DEMAND FOR JURY TRIAL

### INTRODUCTION

No civilized society would today condone or permit manacled and shackled
human beings to be packed into the holds of slave ships and transported across the seas.
Yet, even as we deplore waterboard torture and Abu Ghraib stress positions, thousands of
prisoners and pre-trial detainees are routinely transported for days on end, from state to
state, sitting up on metal benches, crowded together, fully manacled, shacked and chained
at the waist, deprived of sleep, access to bathrooms, and adequate food and water, under
conditions which shock the contemporary standards of human decency. It is these
conditions and these practices which Plaintiff DANZEL L. STEARNS brings to light and
seeks to end in this Class Action Complaint.

Picked up in Colorado Springs, Colorado, on a warrant from New Albany,
Mississippi, Plaintiff DANZEL L. STEARNS, a pretrial detainee, was chained hand and
foot, with his hands anchored to a belly chain, and transported by Defendant INMATE
SERVICES CORPORATION, sitting up in a van for seven (7) continuous days to New
Albany, Mississippi, where he was finally booked into the Union County Jail. The trip,

which should have taken about 16½ hours (<https://goo.gl/maps/uKWaPwEdmYS2>), instead took over 144 hours as Defendant INMATE SERVICES CORPORATION's van wandered through 16 states, including Colorado, New Mexico, Texas, Wyoming, Utah, Idaho, Montana, Washington, Oregon, Nevada, California, Arizona, Arkansas, Missouri, Tennessee, and Mississippi, before finally delivering a sick, sleep-deprived Plaintiff DANZEL L. STEARNS for prosecution on a minor drug charge.

The unnecessarily prolonged transport, fully chained, immobile, with no opportunity to wash even his hands, to change clothes, or to use the toilet more than irregularly and while chained, and able only to occasionally nap while sitting up on hard seats for seven days continuous days, constituted violations of Plaintiff DANZEL L. STEARNS' civil and constitutional rights.

### JURISDICTION & VENUE

1.      This Court has jurisdiction and venue over the claims asserted herein because: (a) at least one defendant now resides in its jurisdictional area; (b) the principal place of business of a defendant corporation is in its jurisdictional area; and/or (c) injury to person occurred in its jurisdictional area.

### PARTIES

2.      Plaintiff DANZEL L. STEARNS is a resident of New Albany, Mississippi.

3.      Defendant INMATE SERVICES CORPORATION is, and at all material times herein was, a for-profit corporation with its principal place of business located in West Memphis, Arkansas. (<http://inmate-services.com/>.)

4.      Defendant RANDY L. CAGLE JR. is, and at all material times herein was, the owner/operator of Defendant INMATE SERVICES CORPORATION.

5.      Defendant CHRISTOPHER L. WEISS is, and at all material times herein was, an agent or employee of Defendants INMATE SERVICES CORPORATION and RANDY L. CAGLE JR., acting within the scope of that agency or employment.

6.      Defendant RYAN B. MOORE was, and at all material times herein, an agent or employee of Defendants INMATE SERVICES CORPORATION and RANDY L. CAGLE JR., acting within the scope of that agency or employment.

7.      Defendant DOE 1 to 100 are and/or were agents or employees of Defendant INMATE SERVICES CORPORATION, and acted within the scope of that agency or employment. The true and correct names of Defendant DOE 1 to 100 are not now known to Plaintiff DANZEL L. STEARNS who sues Defendant DOE 1 to 100 by their fictitious names. Plaintiff DANZEL L. STEARNS will substitute the true and correct names of Defendant DOE 1 to 100 when ascertained.

## GENERAL ALLEGATIONS

8.      At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

9.      Plaintiff DANZEL L. STEARNS alleges that Defendants INMATE SERVICES CORPORATION, RANDY L. CAGLE JR., CHRISTOPHER L. WEISS, RYAN B. MOORE, and DOE 1 to 100 transported him sitting up in a vehicle, in full restraints including handcuffs, leg irons, and waist chains, for more than 144 continuous hours. Plaintiff DANZEL L. STEARNS is informed and believe that others, similarly situated, including those who were on the transport vehicle with him, were transported in like conditions for prolonged periods of time well in excess of the time it should have taken to transport them from the places where they were picked up to the jail facilities to which they were delivered.

10.     Plaintiff DANZEL L. STEARNS, and others similarly situated, allege that, during the time that they were on Defendants INMATE SERVICES CORPORATION and RANDY L. CAGLE JR.'s vehicle, Defendants CHRISTOPHER L. WEISS, RYAN B. MOORE, and DOE 1 to 100 did not allow them to lie down, deprived them of rest and sleep, provided them with only limited access to a toilet, did not allow them to attend to

personal hygiene, fed them only fast food, provided limited access to fluids, and deprived them of direct access to medical attention and staff. As a direct result of Defendants INMATE SERVICES CORPORATION and RANDY L. CAGLE JR.'s polices and customs, Plaintiff DANZEL L. STEARNS, and others similarly situated, suffered physical as well as mental injuries, as detailed herein.

### Inmate Services Corporation

11.    Defendant INMATE SERVICES CORPORATION is, and at all material times herein was, a for-profit Arkansas corporation owned and operated by Defendant RANDY L. CAGLE JR. since 2010 which is, and at all times material herein was, in the business of transporting inmates throughout the United States pursuant to contracts with local, state, and federal agencies and authorities.

12.    The inmates transported by Defendant INMATE SERVICES CORPORATION include adults and juveniles, males and females, pretrial detainees, sentenced prisoners, state mental hospital inmates, and immigration detainees.

13.    Defendant INMATE SERVICES CORPORATION's written policy is that all inmates must be restrained with "belly chains, handcuffs, and legs irons" during transport, regardless of their security classification. "Belly" chains keep the inmates' handcuffs at waist level. Defendant INMATE SERVICES CORPORATION's policy or custom is that inmates' restraints may not be removed while the inmate is in transit.

14.    Defendant INMATE SERVICES CORPORATION's written policy is that its "[a]gents must remove restraints from inmates that are on transport more than 48 hrs." However, Defendant INMATE SERVICES CORPORATION's actual custom is non-enforcement of this written policy.

15.    Defendant INMATE SERVICES CORPORATION's transport vehicles or "transporters" are compartmentalized into steel cages. Defendant INMATE SERVICES CORPORATION's policy or custom is that inmates will remain on the vehicle, in their cages, in restraints, from the time they are picked up until the time they are dropped off.

Defendant INMATE SERVICES CORPORATION has no written or unwritten policy stating the maximum number of hours an inmate can be transported.

16.    Most of Defendant INMATE SERVICES CORPORATION's transport vehicles do not have toilets on board. Inmates are allowed to use the toilet only when the vehicle is stopped and they are escorted by a guard. Inmates remain in their restraints during use of the toilet.

17.    Defendant INMATE SERVICES CORPORATION has written policies purportedly promoting inmate hygiene during transport, including: (a) requirement that "[a]gents must keep and maintain a full supply of hygiene items"; (b) requirement that agents must "[a]llow inmates to use [hygiene items] only at facilities"; (c) requirement that "[i]mates must be issued a [hygiene items] kit during each extended transport"; and (d) requirement that, if an inmates' "clothes become soiled, the agents must stop at [a] nearby facility for donated clothes" and "are authorized to purchase items from a general store, if needed." However, Defendant INMATE SERVICES CORPORATION's actual custom is non-enforcement of any of these written policies.

18.    Most of Defendant INMATE SERVICES CORPORATION's transport vehicles have no running water. Inmates are not allowed to wash, brush their teeth, shave, or change their clothes. Defendant INMATE SERVICES CORPORATION has written policies requiring that "[a]gents must maintain an active supply of bottled water during transport." However, Defendant INMATE SERVICES CORPORATION's actual custom is non-enforcement of this written policy— or, failure to provide any "active supply of bottled water" to inmates, as opposed to agents.

19.    Defendant INMATE SERVICES CORPORATION has no nutritional guidelines for inmates. All of an inmate's meals are comprised of fast food during transport.

20.    Defendant INMATE SERVICES CORPORATION does not provide sleeping berths for inmates. Defendant INMATE SERVICES CORPORATION's agents

instruct inmates not to lie down during the time they are in the transport vehicle because, if they go to sleep, the inmates could fall out of the seat or be thrown forward when the vehicle makes a stop, as the vehicles are not equipped with seatbelts.

### Danzel L. Stearns

21.    In September 2016, Plaintiff DANZEL L. STEARNS, then a resident of Colorado, was wanted on an outstanding warrant for a minor drug charge in Mississippi.

22.    On September 6, 2016, Defendant INMATE SERVICES CORPORATION prepared and delivered a quote to the Union County Jail for the transport of Plaintiff DANZEL L. STEARNS from Colorado Springs, Colorado, to New Albany, Mississippi. The quote's mileage was calculated as 1145 miles. The quote was accepted and Defendant INMATE SERVICES CORPORATION estimated that Plaintiff DANZEL L. STEARNS would be delivered from Colorado Springs, Colorado, to New Albany, Mississippi "on or about" September 17, 2016.

23.    On September 17, 2016, in the morning, Plaintiff DANZEL L. STEARNS was picked-up by Defendants INMATE SERVICES CORPORATION and RANDY L. CAGLE JR.'s transport vehicle for transport from the El Paso County Jail in Colorado Springs, Colorado.

24.    Defendants INMATE SERVICES CORPORATION and RANDY L. CAGLE JR.'s employees responsible for conducting Plaintiff DANZEL L. STEARNS' transport were Defendants CHRISTOPHER L. WEISS, a male agent, and RYAN B. MOORE, a female agent.

25.    Plaintiff DANZEL L. STEARNS was shackled and put onto the transport vehicle.

26.    Plaintiff DANZEL L. STEARNS' restraints consisted of shackles around his ankles and handcuffs on his wrists that were both attached to belly chains around his waist. At no time during the transport were Plaintiff DANZEL L. STEARNS' restraints loosened, adjusted, or removed.

27.    The transport vehicle left Colorado Springs, Colorado, and travelled through various states, picking-up and dropping-off inmates.

28.    On information and belief, Plaintiff DANZEL L. STEARNS' probable transport route, state-by-state, was: Colorado to New Mexico to Texas to Colorado to Wyoming to Colorado to Utah to Idaho to Montana to Idaho to Washington to Oregon to Nevada to California to Nevada to California to Oregon to California to Nevada to Arizona to New Mexico to Arizona to New Mexico to Texas to Arkansas to Missouri to Arkansas to Tennessee to Mississippi.

29.    Plaintiff DANZEL L. STEARNS' restraints rubbed his skin raw around his wrists and ankles. Plaintiff DANZEL L. STEARNS frequently requested that the restraints be loosened to no avail.

30.    The transport vehicle was equipped to carry 12 passengers. However, at various points during the transport, there were as many 17 passengers.

31.    Access to bathroom facilities was at the whim of the transport vehicle's drivers, Defendants CHRISTOPHER L. WEISS and RYAN B. MOORE. As a result, inmates resulted to reliving themselves by urinating into small drinking cups, when access to bathroom facilities was denied. There was urine and filth on the floor of the transport vehicle.

32.    On one occasion, a female inmate requested use of a restroom facility but was denied by Defendant CHRISTOPHER L. WEISS on multiple occasions. The female inmate had a bowel movement on herself, inside of the van, when she could hold her bowels no longer.

33.    When access to bathroom facilities was provided, inmates' hands were restrained, preventing proper hygiene. Inmates were not able to wash their hands due to the restraints and were not provided with soap/sanitizer. Plaintiff DANZEL L. STEARNS never received the opportunity to brush his teeth or shave during the transport.

34.     Plaintiff DANZEL L. STEARNS' shackled wrists prevented him from wiping himself after using the bathroom, resulting in feces on his underwear in which he was then forced to sit on the transport vehicle. Plaintiff DANZEL L. STEARNS' buttocks became raw and infected from sitting upright, in his own filth.

35.     Plaintiff DANZEL L. STEARNS never received an opportunity to change his clothes during the transport. Plaintiff DANZEL L. STEARNS developed ringworm on the center of his stomach during the transport.

36.     Plaintiff DANZEL L. STEARNS requested from Defendant CHRISTOPHER L. WEISS' the opportunity to bathe himself in a bathroom facility and for a cigarette. In response, Defendant CHRISTOPHER L. WEISS threatened Plaintiff DANZEL L. STEARNS with his gun and mace.

37.     At one point during the transport, the transport vehicle's air conditioning system broke down. The smell of unwashed bodies was overbearing and nauseating, where inmates were without access to hygiene items for several days.

38.     At no time during the transport was the transport vehicle stopped to permit the inmates to rest or sleep. Inmates took turns lying on the urine-soaked floor of the transport vehicle for temporary relief from sitting upright. Sleep inside of the transport vehicle was not possible.

39.     It was impossible for Plaintiff DANZEL L. STEARNS to get comfortable. He could not stretch his legs or arms. He was not allowed to lie down. Sitting up, he was only able to "cat nap" for no more than one-half hour.

40.     None of the inmates present on the transport received three meals a day.[1] Inmates received breakfast and dinner but no lunch. All meals consisted of a non-nutritional fast-food item.

---

[1] Except for a female inmate from Alabama named Crystal Jackson, who was provided with at least three meals a day and was allegedly raped by Defendant CHRISTOPHER L. WEISS during the transport. (*Jackson v. Inmate Servs. Corp.*, U.S. Dist. Ct., D. Ariz. Case No. 2:17-cv-01277-JJT-DKD.)

41.    Water was limited to one small cup provided with each meal.

42.    On September 24, 2017, Plaintiff was delivered to the Union County Jail in New Albany, Mississippi.

43.    Had Defendant INMATE SERVICES CORPORATION transported Plaintiff DANZEL L. STEARNS directly from his pick-up to drop-off location, the trip would have taken approximately 16½ hours. (<https://goo.gl/maps/uKWaPwEdmYS2>).

44.    Defendant INMATE SERVICES CORPORATION did not transport Plaintiff DANZEL L. STEARNS directly and, as a result, his trip took over 144 hours, or seven (7) days.

## CLASS ALLEGATIONS

45.    Defendants INMATE SERVICES CORPORATION and RANDY L. CAGLE JR. deprived Plaintiff DANZEL L. STEARNS, and those similarly situated, of the minimal civilized measure of life's necessities, including sleep, hygiene, access to bathroom facilities, nutritional food, water, exercise, and medical care.

46.    The Plaintiff class consists of inmates transported by Defendant INMATE SERVICES CORPORATION on or after November 15, 2013, who were forced to remain in Defendants INMATE SERVICES CORPORATION and RANDY L. CAGLE JR.'s transport vehicles for more than 24 continuous hours.

47.    The Plaintiff class is divided into subclasses of inmates subjected to these conditions, continuously, for more than: (a) 24 hours; (b) 48 hours; (c) 72 hours; (d) 96 hours; (e) 120 hours; and (f) 144 hours. Because Plaintiff DANZEL L. STEARNS was transported continuously for more than 144 hours, he is situated to represent each of the proposed subclasses.

48.    The Plaintiff class is also defined to include subclasses of inmates who were transported within the state of Arkansas by Defendant INMATE SERVICES CORPORATION and its agents and/or employees, and subjected to these conditions, continuously, for more than: (a) 24 hours; (b) 48 hours; (c) 72 hours; (d) 96 hours; (e)

120 hours; and (f) 144 hours. Because Plaintiff DANZEL L. STEARNS was transported continuously for more than 144 hours, he is situated to represent each of the proposed subclasses.

49.     The Plaintiff class is so numerous that joinder of all members is impractical. Plaintiff DANZEL L. STEARNS does not know the exact number of class members. On information and belief, there are approximately 2,500 persons in the proposed classes.

50.     On information and belief, that there are many facts common to the subclasses, including, but not limited to: (a) whether Defendant INMATE SERVICES CORPORATION has and/or had a policy or custom of transporting inmates in restraints for more than 24 hours at a time; (b) whether Defendant INMATE SERVICES CORPORATION has and/or had a policy or custom of depriving inmates of sleep; (c) whether Defendant INMATE SERVICES CORPORATION has and/or had a policy or custom of depriving inmates of access to adequate hygiene; (d) whether Defendant INMATE SERVICES CORPORATION has and/or had a policy or custom of depriving inmates of access to bathroom facilities; (e) whether Defendant INMATE SERVICES CORPORATION has and/or had a policy or custom of depriving inmates of access to nutritional food; (f) whether Defendant INMATE SERVICES CORPORATION has and/or had a policy or custom of depriving inmates of access to water and hydration; (g) whether Defendant INMATE SERVICES CORPORATION has and/or had a policy or custom of depriving inmates of adequate exercise; and (h) whether Defendant INMATE SERVICES CORPORATION has and/or had a policy or custom of depriving inmates of adequate medical care.

51.     On information and belief, there are many questions of law common to the subclasses including but are not limited to: (a) whether transporting inmates in metal cages, restrained with handcuffs, shackles, and a waist chain for more than 24 continuous hours constitutes negligence and/or deliberate indifference; (b) whether depriving

inmates of sleep for more than 24 continuous hours constitutes negligence and/or deliberate indifference; (c) whether restricting inmates' access to a toilet and sanitation for more than 24 continuous hours constitutes negligence and/or deliberate indifference; (d) whether depriving inmates of movement free of restraints for more than 24 continuous hours constitutes negligence and/or deliberate indifference; (e) whether failing to have inmates restraints checked by a trained medical professional for more than 24 continuous hours constitutes negligence and/or deliberate indifference; and (f) whether a combination of these conditions imposed for more than 24 continuous hours constitutes negligence and/or deliberate indifference.

52.    Plaintiff DANZEL L. STEARNS' claims are typical of each of the subclasses proposed. Plaintiff DANZEL L. STEARNS has the same interests and suffered the same type of injuries as the Plaintiff class. Plaintiff DANZEL L. STEARNS' claims arose because of Defendants INMATE SERVICES CORPORATION and RANDY L. CAGLE JR.'s policy or custom of subjecting inmates to unlawful conditions of confinement.

53.    Plaintiff DANZEL L. STEARNS' claims are based upon the same legal theories as the claims of the proposed subclass members.

54.    The Plaintiff class suffered actual damages as a result of being transported under the conditions imposed by Defendants INMATE SERVICES CORPORATION and RANDY L. CAGLE JR.

55.    Plaintiff DANZEL L. STEARNS will fairly and adequately protect the Plaintiff class. Plaintiff DANZEL L. STEARNS' interests are consistent with and not antagonistic to the interests of the putative class.

56.    Prosecutions of separate actions by individual members of the Plaintiff class would create a risk that inconsistent or varying adjudications with respect to individual members of the Plaintiff class would establish incompatible standards of conduct for the parties opposing the class.

57.     Prosecutions of separate actions by individual members of the Plaintiff class would create a risk of inconsistent adjudications with respect to individual members of the Plaintiff class which would, as a practical matter, substantially impair or impede the interests of the other members of the Plaintiff class to protect their interests.

58.     On information and belief, Defendants INMATE SERVICES CORPORATION and RANDY L. CAGLE JR. have acted on grounds generally applicable to the Plaintiff class.

59.     This class action is superior to other available methods for the fair and equitable adjudication of the controversy between the parties. On information and belief, the interests of members of the subclasses in individually controlling the prosecution of a separate action is low, in that most Plaintiff class members would be unable individually to prosecute any action at all. On information and belief, the amounts at stake for Plaintiff class members are so small that separate suits would be impracticable. On information and belief, most members of the Plaintiff class will not be able to find counsel to represent them. On information and belief, it is desirable to concentrate all litigation in one forum because it will promote judicial efficiency to resolve the common questions of law and fact in one forum, rather than in multiple courts.

60.     On information and belief, the identities of the Plaintiff class members may be ascertained from records maintained by Defendants INMATE SERVICES CORPORATION and RANDY L. CAGLE JR. The records maintained by Defendant INMATE SERVICES CORPORATION and RANDY L. CAGLE JR. reflect the identity of each person who was subjected to transportation, the time and location of pick-up, the time and location of drop-off, and the duration of time each inmate remained in Defendants INMATE SERVICES CORPORATION and RANDY L. CAGLE JR.'s transport vehicles. On information and belief, the information necessary to identify the Plaintiff class members, by last known addresses, is readily available from such records.

61.    The Plaintiff class members must be furnished with the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. Upon certification, Plaintiff DANZEL L. STEARNS contemplates that individual notice will be given to class members at their last known address by first-class U.S. mail. Upon certification, Plaintiff DANZEL L. STEARNS contemplates that the notice will inform class members of the following: (1) the pendency of the class action and the issues common to the class; (2) the nature of the action; (3) a class member's right to "opt-out" of the action within a given time, in which event the class member will not be bound by a decision rendered in the class action; (4) a class member's right, if the class member does not "opt-out," to be represented by the class member's own counsel and to enter an appearance in the case, otherwise the class member will be represented by Plaintiff DANZEL L. STEARNS and his counsel; and (5) the class member's right, if the class member does not "opt-out," to share in any recovery in favor of the class, and conversely to be bound by any judgment on the common issues adverse to the class.

## FIRST CAUSE OF ACTION

### Negligence

62.    The First Cause of Action is asserted by Plaintiff DANZEL L. STEARNS, on behalf of himself and all similarly situated persons, against Defendants INMATE SERVICES CORPORATION, RANDY L. CAGLE JR., CHRISTOPHER L. WEISS, RYAN B. MOORE, and DOE 1 to 100.

63.    Plaintiff DANZEL L. STEARNS, on behalf of himself and all similarly situated persons, realleges and incorporates the allegations of the preceding paragraphs 1 to 61, to the extent relevant, as if fully set forth in this Cause of Action.

64.    Individual Cause of Action: Defendants INMATE SERVICES CORPORATION, RANDY L. CAGLE JR., CHRISTOPHER L. WEISS, RYAN B. MOORE, and DOE 1 to 100 owed Plaintiff DANZEL L. STEARNS a duty of care and breached that duty: (i) by transporting Plaintiff DANZEL L. STEARNS in restraints for more than 24 hours at a time; (ii) by depriving Plaintiff DANZEL L. STEARNS of sleep; (iii) by depriving Plaintiff DANZEL L. STEARNS of access to adequate hygiene; (iv) by depriving Plaintiff DANZEL L. STEARNS of access to bathroom facilities; (v) by depriving Plaintiff DANZEL L. STEARNS of access to nutritional food; (vi) by depriving Plaintiff DANZEL L. STEARNS of access to water and hydration; (vii) by depriving Plaintiff DANZEL L. STEARNS of adequate exercise; (viii) by depriving Plaintiff DANZEL L. STEARNS of adequate medical care; and/or (ix) by imposing on Plaintiff DANZEL L. STEARNS a combination of these conditions for more than 24 continuous hours.

65.    Class Cause of Action: Defendants INMATE SERVICES CORPORATION, RANDY L. CAGLE JR., and DOE 1 to 100 owed Plaintiff DANZEL L. STEARNS, and all similarly situated persons, a duty of care and breached that duty: (i) by transporting Plaintiff class in restraints for more than 24 hours at a time; (ii) by depriving Plaintiff class of sleep; (iii) by depriving Plaintiff class of access to adequate

hygiene; (iv) by depriving Plaintiff class of access to bathroom facilities; (v) by depriving Plaintiff class of access to nutritional food; (vi) by depriving Plaintiff class of access to water and hydration; (vii) by depriving Plaintiff class of adequate exercise; (viii) by depriving Plaintiff class of adequate medical care; and/or (ix) by imposing on Plaintiff class a combination of these conditions for more than 24 continuous hours.

66.    Defendants INMATE SERVICES CORPORATION and RANDY L. CAGLE JR. are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their agents and/or employees, including Defendants CHRISTOPHER L. WEISS, RYAN B. MOORE, and DOE 1 to 100, acting within the scope of their agency or employment.

67.    Defendants INMATE SERVICES CORPORATION, RANDY L. CAGLE JR., CHRISTOPHER L. WEISS, RYAN B. MOORE, and DOE 1 to 100's actions and inactions constituted wanton disregard for the rights and safety of Plaintiff DANZEL L. STEARNS, and all similarly situated persons.

68.    As a direct and proximate result of Defendants INMATE SERVICES CORPORATION, RANDY L. CAGLE JR., CHRISTOPHER L. WEISS, RYAN B. MOORE, and DOE 1 to 100's actions and inactions, Plaintiff DANZEL L. STEARNS, and all similarly situated persons, suffered injuries entitling them to receive compensatory and punitive damages.

WHEREFORE, Plaintiff DANZEL L. STEARNS, on behalf of himself and all similarly situated persons, prays for relief as hereunder appears.

## SECOND CAUSE OF ACTION

### Outrage

69.     The Second Cause of Action is asserted by Plaintiff DANZEL L.

STEARNS, on behalf of himself and all similarly situated persons, against Defendants

INMATE SERVICES CORPORATION, RANDY L. CAGLE JR., CHRISTOPHER L.

WEISS, RYAN B. MOORE, and DOE 1 to 100.

70.     Plaintiff DANZEL L. STEARNS, on behalf of himself and all similarly

situated persons, realleges and incorporates the allegations of the preceding paragraphs 1

to 61, to the extent relevant, as if fully set forth in this Cause of Action.

71.     Individual Cause of Action: Defendants INMATE SERVICES

CORPORATION, RANDY L. CAGLE JR., CHRISTOPHER L. WEISS, RYAN B.

MOORE, and DOE 1 to 100 willfully and wantonly engaged in extreme and outrageous

conduct that harmed Plaintiff DANZEL L. STEARNS in the nature of emotional distress

and bodily harm, including: (i) by transporting Plaintiff DANZEL L. STEARNS in

restraints for more than 24 hours at a time; (ii) by depriving Plaintiff DANZEL L.

STEARNS of sleep; (iii) by depriving Plaintiff DANZEL L. STEARNS of access to

adequate hygiene; (iv) by depriving Plaintiff DANZEL L. STEARNS of access to

bathroom facilities; (v) by depriving Plaintiff DANZEL L. STEARNS of access to

nutritional food; (vi) by depriving Plaintiff DANZEL L. STEARNS of access to water

and hydration; (vii) by depriving Plaintiff DANZEL L. STEARNS of adequate exercise;

(viii) by depriving Plaintiff DANZEL L. STEARNS of adequate medical care; and/or (ix)

by imposing on Plaintiff DANZEL L. STEARNS a combination of these conditions for

more than 24 continuous hours.

72.     Class Cause of Action: Defendants INMATE SERVICES

CORPORATION, RANDY L. CAGLE JR., and DOE 1 to 100 willfully and wantonly

engaged in extreme and outrageous conduct that harmed the Plaintiff class in the nature

of emotional distress and bodily harm, including: (i) by transporting Plaintiff class in

restraints for more than 24 hours at a time; (ii) by depriving Plaintiff class of sleep; (iii) by depriving Plaintiff class of access to adequate hygiene; (iv) by depriving Plaintiff class of access to bathroom facilities; (v) by depriving Plaintiff class of access to nutritional food; (vi) by depriving Plaintiff class of access to water and hydration; (vii) by depriving Plaintiff class of adequate exercise; (viii) by depriving Plaintiff class of adequate medical care; and/or (ix) by imposing on Plaintiff class a combination of these conditions for more than 24 continuous hours.

73.     Defendants INMATE SERVICES CORPORATION and RANDY L. CAGLE JR. are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their agents and/or employees, including Defendants CHRISTOPHER L. WEISS, RYAN B. MOORE, and DOE 1 to 100, acting within the scope of their agency or employment.

74.     Defendants INMATE SERVICES CORPORATION, RANDY L. CAGLE JR., CHRISTOPHER L. WEISS, RYAN B. MOORE, and DOE 1 to 100's actions and inactions constituted wanton disregard for the rights and safety of Plaintiff DANZEL L. STEARNS, and all similarly situated persons.

75.     As a direct and proximate result of Defendants INMATE SERVICES CORPORATION, RANDY L. CAGLE JR., CHRISTOPHER L. WEISS, RYAN B. MOORE, and DOE 1 to 100's actions and inactions, Plaintiff DANZEL L. STEARNS, and all similarly situated persons, suffered injuries entitling them to receive compensatory and punitive damages.

WHEREFORE, Plaintiff DANZEL L. STEARNS, on behalf of himself and all similarly situated persons, prays for relief as hereunder appears.

## THIRD CAUSE OF ACTION

### Arkansas Civil Rights Act

### (Ark. Code Ann. § 16-123-105(a))

76.     The Third Cause of Action is asserted by Plaintiff DANZEL L. STEARNS, on behalf of himself and all similarly situated persons, against Defendants INMATE SERVICES CORPORATION, RANDY L. CAGLE JR., CHRISTOPHER L. WEISS, RYAN B. MOORE, and DOE 1 to 100.

77.     Plaintiff DANZEL L. STEARNS, on behalf of himself and all similarly situated persons, realleges and incorporates the allegations of the preceding paragraphs 1 to 61, to the extent relevant, as if fully set forth in this Cause of Action.

78.     <u>Individual Cause of Action</u>: Defendants INMATE SERVICES CORPORATION, RANDY L. CAGLE JR., CHRISTOPHER L. WEISS, RYAN B. MOORE, and DOE 1 to 100, under color of state law, deprived Plaintiff DANZEL L. STEARNS of rights, privileges, and/or immunities secured by Article 2, Section 8 of the Arkansas Constitution, where his conditions of confinement amounted to punishment, including: (i) by transporting Plaintiff DANZEL L. STEARNS in restraints for more than 24 hours at a time; (ii) by depriving Plaintiff DANZEL L. STEARNS of sleep; (iii) by depriving Plaintiff DANZEL L. STEARNS of access to adequate hygiene; (iv) by depriving Plaintiff DANZEL L. STEARNS of access to bathroom facilities; (v) by depriving Plaintiff DANZEL L. STEARNS of access to nutritional food; (vi) by depriving Plaintiff DANZEL L. STEARNS of access to water and hydration; (vii) by depriving Plaintiff DANZEL L. STEARNS of adequate exercise; (viii) by depriving Plaintiff DANZEL L. STEARNS of adequate medical care; and/or (ix) by imposing on Plaintiff DANZEL L. STEARNS a combination of these conditions for more than 24 continuous hours.

79.     <u>Class Cause of Action</u>: Defendants INMATE SERVICES CORPORATION, RANDY L. CAGLE JR., and DOE 1 to 100, under color of state law,

deprived Plaintiff class of rights, privileges, and/or immunities secured by Article 2, Section 8 of the Arkansas Constitution, where their conditions of confinement amounted to punishment, including: (i) by transporting Plaintiff class in restraints for more than 24 hours at a time; (ii) by depriving Plaintiff class of sleep; (iii) by depriving Plaintiff class of access to adequate hygiene; (iv) by depriving Plaintiff class of access to bathroom facilities; (v) by depriving Plaintiff class of access to nutritional food; (vi) by depriving Plaintiff class of access to water and hydration; (vii) by depriving Plaintiff class of adequate exercise; (viii) by depriving Plaintiff class of adequate medical care; and/or (ix) by imposing on Plaintiff class a combination of these conditions for more than 24 continuous hours.

80.     Defendants INMATE SERVICES CORPORATION and RANDY L. CAGLE JR. are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their agents and/or employees, including Defendants CHRISTOPHER L. WEISS, RYAN B. MOORE, and DOE 1 to 100, acting within the scope of their agency or employment.

81.     Defendants INMATE SERVICES CORPORATION, RANDY L. CAGLE JR., CHRISTOPHER L. WEISS, RYAN B. MOORE, and DOE 1 to 100's actions and inactions constituted wanton disregard for the rights and safety of Plaintiff DANZEL L. STEARNS, and all similarly situated persons.

82.     As a direct and proximate result of Defendants INMATE SERVICES CORPORATION, RANDY L. CAGLE JR., CHRISTOPHER L. WEISS, RYAN B. MOORE, and DOE 1 to 100's actions and inactions, Plaintiff DANZEL L. STEARNS, and all similarly situated persons, suffered injuries entitling them to receive compensatory and punitive damages.

WHEREFORE, Plaintiff DANZEL L. STEARNS, on behalf of himself and all similarly situated persons, prays for relief as hereunder appears.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DANZEL L. STEARNS, on behalf of himself and those similarly situated, seeks Judgment as follows:

1.    For certification of the action as a class action;

2.    For compensatory, general, and special damages for Plaintiff DANZEL L. STEARNS as against Defendants INMATE SERVICES CORPORATION, RANDY L. CAGLE JR., CHRISTOPHER L. WEISS, RYAN B. MOORE, and DOE 1 to 100; and for each member of the Plaintiff class and/or subclasses as against Defendants INMATE SERVICES CORPORATION, RANDY L. CAGLE JR., and DOE 1 to 100;

3.    Exemplary/punitive damages as against Defendants INMATE SERVICES CORPORATION, RANDY L. CAGLE JR., CHRISTOPHER L. WEISS, RYAN B. MOORE, and DOE 1 to 100 in an amount sufficient to deter and to make an example of those defendants;

4.    Attorneys' fees and costs, pursuant to Ark. Code Ann. § 16-123-105(b), and any other applicable statute; and

5.    For an award of any other further relief, as the Court deems fair, just, and equitable.

## JURY TRIAL DEMAND

A JURY TRIAL IS DEMANDED by Plaintiff DANZEL L. STEARNS, on behalf of himself and those similarly situated.

Dated: February 6, 2019

By: _____

Paul J. James (Arkansas Bar No. 83091)
JAMES, CARTER & PRIEBE, LLP
500 Broadway, Suite 400
Little Rock, Arkansas 72201
Telephone: 501.372.1414
Facsimile: 501.372.1659
E-Mail: <pjj@jamescarterlaw.com>

and

Mark E. Merin (California Bar No. 043849)
   (*Pro Hac Vice* Application Pending)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336
E-Mail: <mark@markmerin.com>

Attorneys for Plaintiffs
DANZEL L. STEARNS, on behalf of
himself and all similarly situated persons