**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**DANZEL STEARNS, on behalf of himself**
**and others similarly situated**                                                                                   **PLAINTIFF**

**VS.**                                    **3:16-CV-00339-BRW**
                                           **3:19-CV-00100-KGB**
                                           **3:19-CV-00121-KGB**

**INMATE SERVICES CORPORATION, *ET AL.*                                             DEFENDANTS**

**ORDER**

Plaintiff's Motion to Consolidate Cases (Doc. Nos. 112) is GRANTED IN PART and DENIED IN PART. I believe that these cases should be consolidated for discovery purposes, and the parties do not object. The issue of whether the cases should be tried together can be resolved later. Cases 3:19-CV-00100-KGB and 3:19-CV-00121-KGB are consolidated with this case, 3:16-CV-00339-BRW. All parties are directed to make future filings only in this case.

Plaintiff's request for leave "to amend the complaint in order to reflect his change in status and . . . to remove any limitations that may be imposed by the PLRA" was embedded in his motion to consolidate, and is DENIED without prejudice. First, whether the PLRA applies is an issue that will likely be resolved later. Second, if Plaintiff wants to amend the complaint, he should seek leave by separate motion, not slip a request in the middle of a motion on an unrelated issue.

Defendants' Motion to Dismiss John Does 1 though 100 (Doc. No. 113) was embedded in their Motion/Response to the Motion to Consolidate. This request is DENIED without prejudice and should be filed as a stand-alone motion, if Defendants want to pursue the issue.

Plaintiff filed a "Memorandum" for Costs (Doc. No. 114) seeking reimbursement for the appellate filing fees. If this issue cannot be worked out between the parties, Plaintiff should file a proper motion, not memorandum.

All parties are directed to read the Eastern District of Arkansas Local Rules, so as to avoid repeating these issues with improper filings.

Plaintiff failed to file an amended complaint as directed by Judge Baker's May 31, 2020 Order (attaching it as an exhibit to a reply is insufficient).[1] If Plaintiff still intends to amend his complaint, he must file the appropriate motion – consistent with Local Rule 5.5(e) – by 5 p.m., Tuesday, July 28, 2020. Otherwise, I will assume he no longer intends to amend the complaint. Based on the age of these cases, continued amendments of the complaint are unlikely.

I anticipate that the class certification issues can briefed in short order. Accordingly, I am inclined to set a class certification deadline of Friday, September 18, 2020, with a response due two weeks later. By the same deadline as above, the parties can file short – no more than three pages – memorandums regarding their positions on this issue.

IT IS SO ORDERED this 21st day of July, 2020.

                                                    Billy Roy Wilson
                                                  UNITED STATES DISTRICT JUDGE

---

[1] *Stearns v. Inmate Services Corp*. No. 3:19-CV-00100-KGB, Doc. No. 27 (E.D. Ark.).