# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**DANZEL L. STEARNS**, on behalf of himself
and others similarly situated                                                              **PLAINTIFF**

vs.                                             **3:16-CV-00339-BRW-JJV**
                                                       **3:19-CV-00100-KGB-JTR**
                                                       **3:19-CV-00121-KGB-BD**

**INMATE SERVICES CORPORATION,** *ET AL.*                         **DEFENDANTS**

## ORDER

I have reviewed the proposed Partial Recommended Disposition (Doc. No. 153) submitted by United States Magistrate Judge Joe J. Volpe, Plaintiff's Objections, and Defendants' response to the objections.[1]

I note that Plaintiff's objections are inaccurate and are unnecessarily strident. For example, Plaintiff contends that the Court has become "Defendant's advocate" and refers to "the Magistrate Judge's argument-on-behalf-of-Defendants . . . ."[2] He also asserts, "This is not the Magistrate Judge's first time failing to follow controlling Eighth Circuit authority in this case."[3]

Now for the substantive objections:

**Eighth Amendment Claims** – Plaintiff points out that the Partial Recommended Disposition ("PRD") found that he lacked standing to bring claims under the Eighth Amendment because he was a pretrial detainee. Rather than take issue with the finding, Plaintiff asserts that the Second Amended Complaint and Motion for Class Certification were misunderstood,

---

[1]Doc. Nos. 159, 163.

[2]Doc. No. 159.

[3]*Id.*

1

because he is seeking class certification only under the 14th Amendment. Yet, the Second Amended Class Action Complaint reads:

> Defendants INMATE SERVICES CORPORATION and RANDY L. CAGLE JR.'s actions and inactions violated the rights of Plaintiff DANZEL L. STEARNS, and each of those similarly situated, protected by the Fourteenth and <u>Eighth Amendments</u> (as incorporated through the Fourteenth Amendment) to the U.S. Constitution.[4]

However, in the objections, Plaintiff "disclaims [Eighth Amendment class claims] for purposes of Case No. 3:16-cv-00339-BRW."[5] Accordingly, the issue appears to be moot.

**Typicality** – Notably, Plaintiff did not object to the PRD's finding that there was no typicality within the class. That concession alone is enough to warrant denial of the Motion for Class Certification.

Plaintiff's proposed class definition is:

All inmates transported by Inmate Services Corporation on or after November 15, 2013, who were forced to continuously remain in transport vehicles and deprived of the minimal civilized measure of life's necessities, including sleep, exercise, and hygiene, for more than:
    (a) 24 hours;
    (b) 48 hours;
    (c) 72 hours;
    (d) 96 hours;
    (e) 120 hours;
    (f) 144 hours;
    (g) 168 hours; and
    (h) 192 hours.

As pointed out in the PRD, the proposed class of "all inmates transported by Inmate Services" is too vague. Depending on the person's status (convicted person, pretrial detainee, etc.), the legal standard varies. Presumably, Plaintiff believes that limiting the proposed class

---

[4] Doc. No. 120 (emphasis added).

[5] Doc. No. 159.

only to Fourteenth Amendments claims clears up this issue. I'm not sure it does, since it is Plaintiff's burden to specifically define the class he wants to represent.

Additionally, the phrase "deprived of the minimal civilized measure of life's necessities" is not a class definition. Furthermore, the proposed language shows that typicality is lacking. For example, someone deprived of sleep for several days has a much different claim than someone who was not allowed to exercise.

**FRCP 23(b)(2)** – Plaintiff asserts that the "magistrate judge failed to analyze" the motion under Federal Rule of Civil Procedure 23(b)(2). However the PRD correctly noted that, although Plaintiff requested certification under FRCP 23(b)(2), the Second Amended Complaint does not request injunctive or declaratory relief. Accordingly, FRCP 23(b)(2) does not apply and the request was properly rejected.

Contrary to Plaintiff's objections, the only relief mentioned in the Second Amended Complaint is money damages. Plaintiff asserts that he "is not required to allege an 'explicit request for injunctive relief' or declaratory relief in the pleading in order to obtain it."[6] I disagree. Additionally, the cases Plaintiff cites do not support his position, because the pleadings in those cases "specifically request[ed] injunctive relief."[7] Finally, "[t]he primary and ultimate relief sought by Plaintiff[] is monetary, and the monetary relief sought is not incidental to the requested declaratory and injunctive relief [that is mentioned not in the Second Amended

---

[6]Doc. No. 159.

[7]*Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999) ("We think the complaint requests injunctive relief against Col. Bailey with sufficient clarity. It is true that plaintiffs' complaint makes no explicit request for injunctive relief against Col. Bailey by name . . . Plaintiffs' complaint, however, does specifically request injunctive relief . . . .").

Complaint, but only in the motion for class certification.] This finding alone precludes certification under Rule 23(b)(2)."[8]

**FCRP 23(b)(3) Predominance** – Plaintiff also assert that the PRD erroneously found that the predominance requirement had not been satisfied.  Again, I disagree.  As the PRD correctly (and thoroughly) points out the potential claims vary too much to allow for class certification.  Essentially every transport would be its own small class (assuming the alleged actions occurred on every transport and to every person on that particular transport).  Additionally, Plaintiff's attempt to break the class down into subclasses based on the length of travel does not cure the problem.

After carefully considering the objections and making a *de novo* review of the record, I approve and adopt the Partial Recommended Disposition in all respects.

Plaintiff's Motion for Class Certification (Doc. No. 138) is DENIED as to 3:16-cv-00339-BRW-JJV and DISMISSED as premature as to 3:19-CV-00100-KGB-JTR and 3:19-CV-00121-KGB-BD.

IT IS SO ORDERED this 7th day of December, 2020 (Pearl Harbor Day).

                                           Billy Roy Wilson
                                           UNITED STATES DISTRICT JUDGE

---

[8] *Pipes v. Life Inv'rs Ins. Co. of Am.*, 254 F.R.D. 544, 551 (E.D. Ark. 2008).