IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

DANZEL L. STEARNS,
*on behalf of himself and all similarly situated persons*,                                    PLAINTIFFS

v.                       3:19-cv-00100-KGB (Lead)
                         3:19-cv-00121-KGB

INMATE SERVICES CORPORATION;
RANDY L. CAGLE JR.; CHRISTOPHER L. WEISS;
RYAN B. MOORE; and DOE 1 to 100                                                              DEFENDANTS

**FINAL APPROVAL ORDER AND JUDGMENT**

1.  Before the Court is the status of the preliminarily approved settlement between Plaintiff Danzel L. Stearns, on behalf of himself and all similarly situated persons, and Defendants Inmate Services Corporation, Randy L. Cagle Jr., Christopher L. Weiss, and Ryan B. Moore (Dkt. No. 81). The Court entered an Order granting Plaintiff's unopposed motion for preliminary approval of the class action settlement on March 31, 2023 (the "Preliminary Approval Order") (*Id.*).

2.  Now also before the Court is Plaintiff's notice of motion; motion, unopposed by Defendants, for award of attorneys' fees and litigation costs, which the Court construes as a motion for final approval of the Settlement and an award of fees and costs (Dkt. No. 85). In support of the motion, Plaintiff filed both a memorandum in support of Plaintiff's motion, supported by Defendants, for final approval of class action settlement (Dkt. No. 86) and a memorandum of points and authorities in support of Plaintiff's motion for award of attorneys' fees and litigation costs (Dkt. No. 87).

3.  The Court conducted a status conference ("Final Approval Hearing") with the Parties and their counsel regarding the pending motion and briefs in support (Dkt. No. 88).

4. This Court in this Final Approval Order and Judgment incorporates by reference the definitions in the Class Action Settlement Agreement ("Settlement Agreement"), and all capitalized terms used, but not defined herein, shall have the same meaning attributed to them in the Settlement Agreement (Dkt. Nos. 81, at 1; 57-1).

5. This Court has jurisdiction over the subject matter of this litigation, over all Settlement Class Members, and over those persons and entities undertaking affirmative obligations under the Settlement Agreement.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for settlement purposes only, this Court finds that the Settlement Class, as previously provisionally certified, satisfies all the requirements contained in Rule 23(b)(3) of the Federal Rules of Civil Procedure, the United States and Arkansas Constitutions, and any other applicable law as more fully set forth in the Court's Preliminary Approval Order (Dkt. No. 81), which is incorporated into this Final Approval Order and Judgment by this reference.  More specifically:  (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Settlement Class Members which predominate over any individual question; (c) the claims of Plaintiff are typical of the claims of the Settlement Class Members; (d) Plaintiff has fairly and adequately represented and protected the interests of all Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

7. The Court confirms that Settlement Class Members shall mean all persons transported in the custody of Inmate Services Corporation on or after February 11, 2016, through and including the date of the Preliminary Approval Order whose Entire Trip or any Leg of an Entire Trip exceeded 24 continuous hours.  Settlement Class Members includes the real party in

interest holding a claim in place of a person transported. Settlement Class Members excludes any person who has filed or concluded a suit, any person whose suit was dismissed without prejudice, or settled a claim, concerning transport by Inmate Services Corporation during the Class Period.

8. The Court confirms the appointment of Plaintiff and Plaintiff's Counsel to serve as the class representative and Class Counsel, respectively.

9. Having considered the entire record before the Court and the statements and explanations of counsel for all Parties at the Final Approval Hearing, the Court determines that Class Notice given to the Settlement Class Members was the best notice practicable under the circumstances. Said Class Notice provided due and adequate notice of the proceedings in this Action and of the matters set forth therein, including the proposed Settlement set forth in the Settlement Agreement, to all persons entitled to such notice and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, as well as the United States and Arkansas Constitutions.

10. The Claim Form provided to the Settlement Class Members outlining the terms of the Settlement and the means by which claims could be submitted was fair, reasonable, and fully complied with the requirements of Rule 23 of the Federal Rules of Civil Procedure, as well as the United States and Arkansas Constitutions.

11. No Requests To Be Excluded, Objections, or opt-outs have been filed, and none were presented to this Court.

12. For the reasons explained in its Preliminary Approval Order and in this Final Approval Order and Judgment, the Court is satisfied that the Parties have demonstrated compliance with the Preliminary Approval Order and that the Settlement and Settlement Agreement are fair, reasonable, and adequate, and in compliance with all applicable requirements of Federal Rule of

Civil Procedure 23(e)(2), the United States and Arkansas Constitutions, and all other applicable laws, and in the best interests of the Parties and the Settlement Class Members. The Court has specifically considered the factors relevant to class settlement approval set forth in Federal Rule of Civil Procedure 23(e)(2). The Court further finds the Settlement is the result of a good faith, arm's length negotiation between experienced counsel.

13. The Court, having reviewed all filings in connection with this Action and the Settlement Agreement and having considered the statements by counsel for the Parties at the Final Approval Hearing held on August 8, 2023, and finding good cause, hereby orders, adjudges, and decrees that the Parties and their counsel are to implement and consummate the Settlement in accordance with the terms and conditions of all portions of the Settlement Agreement.

14. Plaintiffs and all Settlement Class Members, and their respective representatives, assigns, heirs, executors, administrators, and custodians, are hereby forever barred and enjoined from commencing, prosecuting, or continuing to pursue Released Claims, either directly or indirectly, against Defendants, including any of their officers, agents, employees, or assigns, whether named or unnamed in the Action, consistent with the terms of the Settlement Agreement.

15. Settlement Class Members who have submitted valid Claim Forms shall be entitled to share in the Settlement Fund established by the Settlement Agreement by receiving a Settlement Award.

16. Within ten days of the Effective Date, NCIC and Scottsdale, on behalf of Defendants, will deliver checks totaling $625,000.00 to the Claims Administrator to establish the Settlement Fund to pay validated claims of the Settlement Class Members and, in addition, will pay, within 30 calendar days of receiving an invoice, up to $50,000.00 for the costs of the Claims Administrator, with any charges in addition thereto to come from the Settlement Fund.

17. Within 20 calendar days after the Effective Date of the Settlement, the Claims Administrator will mail settlement checks in the amounts of the Settlement Award to the Settlement Class Members.

18. Class Counsel submitted Plaintiff's notice of motion; motion, unopposed by Defendants, for award of attorneys' fees and litigation costs (Dkt. No. 85).  Although the Court construes this motion to move for final approval of the Settlement and an award of fees and costs, the Court has considered the application for an award of fees and costs separately from the fairness, reasonableness, and adequacy of the Settlement.  Class Counsel are hereby awarded the sum of $250,000.00 in legal fees and $24,379.48 in costs, which Fee And Expense Award the Court finds to be fair and reasonable, to be divided among Class Counsel as they have previously agreed and consistent with the terms of the Settlement Agreement.  The Fee And Expense Award shall be paid by check or wire transfer by the Claims Administrator to the Law Office of Mark E. Merin, client trust account, within 20 calendar days of the Effective Date.

19. Except as expressly provided herein, all Parties are to bear their own costs.

20. Without further Order of this Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

21. Without affecting the finality of the Judgment in any way, this Court hereby retains Continuing Jurisdiction over:  (a) implementation of this Settlement, pursuant to Rule 23 of the Federal Rules of Civil Procedure; (b) this Action until the Judgment contemplated herein has become effective and each and every act agreed to be performed by the Parties has been performed; and (c) the Parties and all parties to the Settlement Agreement for the purpose of enforcing and administering the Settlement Agreement.  Furthermore, no Party shall be barred from pursuing claims for breach of the Settlement Agreement before this Court.

22. Nothing in this Final Approval Order and Judgment or the Settlement Agreement shall be construed as an admission or concession by any Party. Defendants have denied all allegations of wrongdoing in this Action and continue to deny such allegations. Plaintiffs continue to believe their allegations have merit. The Settlement Agreement and this resulting Final Approval Order and Judgment represent a compromise of disputed allegations.

23. By entering this Final Approval Order and Judgment, the Court does not make any determination as to the merits of this case.

24. The Court hereby dismisses with prejudice the Released Claims in the Complaint in this Action. All claims in this Action are dismissed, and the case shall be closed consistent with the terms of this Order.

25. The Court directs Class Counsel to file under seal with the Court in this Action a final accounting of the Settlement Fund and all amounts paid pursuant to the Settlement Agreement within 30 calendar days of the final amounts paid, identifying the amount of the Settlement Award paid to each Settlement Class Member, the final amount paid to the Claims Administrator, and the final amount paid as a Fee And Expense Award, as well as any and all other amounts paid.

26. There is no just reason for delay in the entry of this Final Approval Order and Judgment. The Court directs entry of the Final Approval Order and Judgment and directs the Clerk of Court to close the Action.

It is so ordered this 30th day of September, 2023.

_____
Kristine G. Baker
United States District Judge